# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JIMMY L. COOPER,<br><br>        Plaintiff,<br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>        Defendant. | No. 21-CV-38-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

This matter is before the Court on the Commissioner's Motion to Dismiss Plaintiff's Complaint in Part. (Doc. 8). In particular, the Commissioner seeks an order dismissing claimant Jimmy L. Cooper's ("claimant") constitutional claim under *Seila Law LLC v. Consumer Financial Protection. Bureau*, 140 S. Ct. 2183 (2020) (plurality opinion). Claimant filed a timely resistance. (Doc. 9). For the following reasons, the Court **grants** the Commissioner's motion.

## II. ANALYSIS

In his complaint, claimant stated the following constitutional claim:

> 9. Pursuant to *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020), the office of Commissioner of Social Security is unconstitutional, as the President does not have removal power and the Social Security Administration is exempt from budget limitations, placing the agency wholly outside of the President's control. Since the Commissioner's office is unconstitutional, the ALJ's are not constitutionally appointed. Plaintiff is entitled to a new hearing with a constitutionally appointed ALJ.

(Doc. 3, at 2). The Commissioner argues that claimant lacks standing to bring this constitutional claim because claimant "cannot demonstrate an injury that is fairly

traceable to the constitutional problem he alleges" and because this Court cannot "redress [claimant's] alleged constitutional injury by issuing a favorable judgment in this case." (Doc. 8-1, at 4-5).

In *Seila Law*, a law firm resisted the Consumer Financial Protection Bureau's (the "Bureau" or "CFPB") efforts to enforce a civil investigative demand. 140 S. Ct. at 2194. The law firm argued that (1) it was harmed by actions taken under statutory provisions authorizing the Bureau to issue civil investigative demands; (2) the Bureau's Director, under whose authority the demands had been issued, was protected by an unlawful removal restriction; and (3) the removal restriction was inseverable from the investigative provisions. *Id.* at 2196-208. The Supreme Court found a constitutional defect in the CFPB statute, holding that the Bureau's Director, an individual with "the authority to bring the coercive power of the state to bear on millions of private citizens and businesses," must be removable by the President at will. *Id.* at 2200-201. The Court also found the plaintiff there had standing to challenge a statutory restriction on the President's power to remove the Director because the plaintiff showed that it was harmed by an action that was taken by the Director. *Id.* at 2195-196.

In its analysis, the Supreme Court compared the Social Security Administration's ("SSA") Commissioner's authority to that of the Bureau's Director:

> [T]he CFPB's defenders note that the Social Security Administration … has been run by a single Administrator since 1994. That example, too, is comparatively recent and controversial. President Clinton questioned the constitutionality of the SSA's new single-Director structure upon signing it into law. *See* Public Papers of the Presidents, William J. Clinton, Vol. II, Aug. 15, 1994, pp. 1471–1472 (1995) (inviting a "corrective amendment" from Congress). In addition, unlike the CFPB, the SSA lacks the authority to bring enforcement actions against private parties. Its role is largely limited to adjudicating claims for Social Security benefits.

*Id.* at 2202.

In *Bellamy v. Commissioner of Social Security*, No. 19-81572-CIV-MATTHEWMAN, 2020 WL 7698952, at *2 (S.D. Fla. Dec. 28, 2020), the district court denied a claimant's motion to amend the complaint to add a constitutional challenge under *Siala Law*, finding it would be futile. In doing so, the court found that in the above-quoted language "the Supreme Court distinguished the CFPB from the SSA and that the rulings in *Seila* do not apply to the SSA." *Id*. This Court agrees with that reasoning. Regardless of whether claimant has standing here, the Court finds that *Seila Law* does not clearly apply to the SSA because the Commissioner lacks the authority to bring actions directly against citizens like the Director of the CFPB could and did in *Seila Law*. Claimant has cited no case that has held that *Seila Law* applies to the SSA and the Court could find none. Absent binding authority holding that *Seila Law* applies to the SSA, this Court is unwilling to extend its holding to the SSA.

The limited power of the Commissioner shows why claimant also lacks standing here, even if the *Seila Law* holding applies to the SSA. As the Commissioner points out, the Supreme Court found the plaintiff in *Seila Law* had standing to challenge the constitutionality of the statute because "it was 'compelled to comply with the civil investigative demand to provide documents it would prefer to withhold,' a concrete injury that was 'traceable to the decision below.'" (Doc. 8-1, at 7 (quoting *Seila Law*, 140 S. Ct. at 2196)). Here, claimant is appealing a decision by an administrative law judge ("ALJ") appointed by the Commissioner to review the Commissioner's decisions. 42 U.S.C. § 902(a)(7). ALJs exercise their authority independent of and without involvement by the Commissioner. Thus, whether the Commissioner is or should be removable at will by the President is irrelevant to the ALJ's decision which claimant is

appealing.  Claimant's injury—an adverse decision by an ALJ—is not fairly traceable to the Commissioner's conduct.[1]

It is true, as claimant asserts, that "the Commissioner has broad authority over the structure of the Agency and the rules governing the decisions made by the ALJs." (Doc. 9, at 2).  But claimant is not alleging he suffered an injury because of the structure of the Agency or the rules governing ALJs.  Claimant is alleging he suffered an injury because of an ALJ's decision issued independent of the Commissioner's direct authority.

The Court also agrees that claimant lacks standing here because the Court cannot redress the constitutional injury claimant asserts.  A party has standing to assert a claim only if the party suffered "an injury to himself that is likely to be redressed by a favorable decision." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 38 (1976).  Here, if the Court found in claimant's favor on the constitutional claim, this Court could only remand the case for a hearing before a properly appointed ALJ by a Commissioner removable at will by the President.  That ruling would not remedy the injury claimant asserts—that the ALJ wrongfully denied him benefits.  Although it is possible claimant could prevail at a new hearing in front of a new ALJ, that success would not have anything to do with whether the Commissioner was removable at will by the President.

---

[1] The Commissioner also argues that claimant's constitutional challenge also fails because the ALJ below was appointed by an acting commissioner who was removable at will. (Doc. 8-1, at 9-10).  Claimant disagrees, pointing out that the ALJ issued the adverse decision after the appointment of Commissioner Saul. (Doc. 9, at 4).  The Court finds it unnecessary to address this sub-issue because it finds claimant lacks standing regardless.

### *III.    CONCLUSION*

For the reasons stated, the Court **grants** the Commissioner's motion to dismiss (Doc. 8) the portion of claimant's complaint asserting a constitutional violation under *Seila Law*.

**IT IS SO ORDERED** this 9th day of July, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa